WOODBURY'S APPEAL. {Aug. 11, 1876.

*Probate appeal—Allowance to widow.*

An heir at law of a deceased person may appeal from the decree of the judge of probate, making an allowance to the widow for her present support.

This court will substitute such sum as it may deem reasonable for the sum decreed by the judge of probate; and so much thereof as he shall deem reasonable must be accounted for as part of her distributive share. With the exercise of his discretion in this respect this court will not interfere.

FROM SULLIVAN PROBATE COURT.

APPEAL from the decree of the judge of probate by Amos Woodbury, one of the heirs at law of William O. C. Woodbury, late of Claremont, deceased, making an allowance of one thousand dollars to Polly M. Woodbury, widow of the deceased, out of the personal estate, for her present support. The reasons for the appeal set forth are,—

1. Because no allowance should have been decreed.
2. Because the allowance decreed is unreasonably large.

The appellee moved to dismiss the appeal.

*Colby & Batchelder*, for the appellant.

*W. H. H. Allen*, for the appellee.

SMITH, J.   The provision of the statute (Gen. Stats., ch. 183, sec. 1), by which the judge of probate is authorized to make the widow an allowance out of the personal estate of her deceased husband for her present support, was intended to provide for her immediate wants until she can receive something from her interest in the estate.   How much that shall be must depend upon the circumstances of each case, taking into account her age, health, situation of her family, number and ages of her children, and the situation and size of the estate of her deceased husband.   That the decree of the judge of probate in making such allowance may be appealed from by a creditor of the estate or by an heir at law has been fully settled.   *Hubbard* v. *Wood*, 15 N. H. 74; *Duncan* v. *Eaton*, 17 N. H. 441; *Buffum* v. *Sparhawk*, 20 N. H. 81; *Mathes* v. *Bennett*, 21 N. H. 188; *Kingman* v. *Kingman*, 31 N. H. 182; *Washburn* v. *Washburn*, 10 Pick. 374.

There are no facts before us from which we can judge whether or not the allowance is unreasonable.   The case must go to an auditor for that purpose, and when his report is returned that question can then be determined.   Whatever sum may be allowed by this court for the present support of the appellee will be substituted for the amount allowed by the judge of probate, and so much thereof as he shall deem reasonable must be accounted for as part of the distributive share of the widow.   With the exercise of his discretion upon this subject this court will not interfere.   *Mathes* v. *Bennett*, 21 N. H. 188.

CUSHING, C. J., and LADD, J., concurred.

*Motion to dismiss denied.*